UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.:   8:15-cr-183-T-30AEP

D. ANDA NORBERGS

**UNITED STATES' MOTION FOR VICTIM EXEMPTION FROM "THE RULE"**

Pursuant to Fed. R. Crim. P. 60(a)(2), the government requests that victim-patients and family members of the victim-patients (collectively referred to as "victims" hereinafter) referenced in Counts Thirty through Forty of the Second Superseding Indictment, be allowed to watch the trial, even though they may be witnesses and testify at trial. Not all of the victims referenced in those Counts will be testifying. For the victims that do, the testimony will be brief and cover narrow topics, such as, not being told about the nature of the drugs they were provided (i.e., that the drugs were foreign and not FDA-approved); that the victims did not benefit financially from the administration of foreign and unapproved drugs; that the victims did not consent to the usage of foreign and unapproved drugs; and had the victims known, they would have changed medical treatment.

Given the relatively limited nature of the testimony, there is no basis for the requisite "clear and convincing" finding under Rule 60(a)(2) that the victims testimony would be materially altered by allowing them to hear other witnesses. Absent such a finding, victims have a right to attend the trial in its entirety. *See generally* Rule 60(a)(2), 18 U.S.C. § 3771.

Trial in this case is set to begin on November 7, 2016. While two victims who will be testifying inquired about watching part of the trial, no victim has definitely informed the government that they plan to watch the trial. Nevertheless, the government consulted with counsel for the defense, who indicated that should the issue arise, the defense will oppose this exemption to "The Rule." *See* Fed. R. Evid. 615.

## MEMORANDUM OF LAW

### I. Defining a Crime Victim

Rule 60(a)(2), and specifically 18 U.S.C. § 3771(a)(3) (the Crime Victims' Rights Act ("CVRA")) provides that victims of federal crimes have "[t]he right to not be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." The CVRA defines crime victims as any "person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). The Eleventh Circuit set forth a two-step process to determine a crime victim: first, the behavior constituting "the commission of a Federal offense" must be ascertained; second, the direct and proximate effects of that behavior on parties other than the United States must be determined. *In re Stewart*, 552 F.3d 1285, 1288 (11th Cir. 2008).

While there are multiple offenses in this case that involve victims, for

simplicity, this motion will only analyze Counts One to Seventeen.[1] Those crimes charge that with, the intent to defraud and mislead, the defendant received misbranded drugs in interstate commerce and did deliver and proffer delivery of these drugs for pay and otherwise, in violation of 21 U.S.C. §§ 331(c) and 333(a)(2). Following the two-step analysis of *In re Stewart*, this conduct is the Federal offense. In the second step, the direct and proximate effects of that behavior on parties other than the United States must be determined. After the misbranded drugs were received, the direct and proximate effects of the delivery of those drugs were suffered by those patients of the defendant who were injected with the misbranded drugs. Additionally, the defendant is charged with having acted with the intent to defraud and mislead. Under the law, the "intent to defraud or mislead" in 21 U.S.C. § 333 encompasses a fraud on the ultimate consumer, which in this case includes patients. *See United States v. Bradshaw*, 840 F.2d 871, 874 (11th Cir. 1988). Consequently, the patients who are identified in Counts Thirty through Forty are victims of the offense, as those are the patients who were injected with a subset of the drugs that are referenced in Counts One to Seventeen. While the patients are identified in Counts Thirty through Forty for violations of the 18 U.S.C. § 1347 (Health Care Fraud), and not in Counts One to Seventeen for violations of 21 U.S.C. §§ 331(c) and 333(a)(2), the Eleventh Circuit has held that the CVRA is not limited to crime victims who are identified in the charging document. *In re Stewart*, 552 F.3d at 1289.

---

[1] Despite arguing only as it relates to Counts One to Seventeen, the government does not concede that similar arguments could not be made regarding Counts Eighteen to Forty-Five.

**II.    Family Members are Crime Victims**

Under the CVRA, "[i]n the case of a crime victim who is . . . deceased . . . the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights." 18 U.S.C. § 3771(e). *See also United States v. Lawrence*, 735 F.3d 385, 440 (6th Cir. 2013) ("Under a straightforward reading of the statutes, each family member met the definitions of victim under 18 U.S.C. § 3771 . . . "); *In re Mikhel*, 453 F.3d 1137, 1139 n. 2 (9th Cir. 2006) ("the family members of the murder victims in this case are themselves victims for purposes of § 3771"). Based on this analysis, any family member of a patient, who is now deceased, should be permitted to assume that patient's rights as a victim.

**III.   The Defendant Cannot Meet the Standard that Victims' Testimony Would be Materially Altered by Attending Trial**

Under the CVRA, a crime victim can be excluded from a public court proceeding only if it receives clear and convincing evidence that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding. 18 U.S.C. § 3771(a)(3). The statutory language itself, and at least one Eleventh Circuit case, indicates it is the defendant's burden to present such clear and convincing evidence. *See United States v. Edwards*, 526 F.3d 747, 758 n. 28 (11th Cir. 2008) (Eleventh Circuit states that the defendant did not present the district court with sufficient evidence under the clear and convincing standard). The burden to be met is a high one. As the court in *In re Mikhel* said, "[a] mere *possibility* that a victim-witness may alter his or her testimony as a result of hearing

others testify is therefore insufficient to justify excluding him or her from trial." 453 F.3d at 1139 (emphasis in original). Moreover, "[b]ecause there is always a *possibility* that one witness will alter his testimony based on the testimony of another, were this the standard, a district court could without exception exclude crime victims, and Congress's intent to abrogate Rule 615 with respect to crime victims would be meaningless. *Id.* at 1139 n. 3 (emphasis in original).

It is the government's position that the defendant needs to present clear and convincing evidence that any of victims' testimony would be materially altered if they heard other testimony at trial. Therefore, the government merely asserts that no such evidence can be presented, especially given the limited nature of the testimony, as described above. That testimony is not susceptible to being materially altered by hearing other testimony at the trial.

## IV.    Conclusion

Accordingly, should victims appear, the Court should permit them to watch the trial, even though they may be witnesses and testify at trial.

> Respectfully submitted,
>
> A. LEE BENTLEY, III
> United States Attorney
>
> By:    *s/ Adam M. Saltzman*
> ADAM M. SALTZMAN
> Assistant United States Attorney
> USA No. 148
> 400 North Tampa Street, Suite 3200
> Tampa, Florida 33602
> Telephone: (813) 274-6000
> Facsimile: (813) 274-6178
> E-Mail: adam.saltzman@usdoj.gov

| | |
|---|---|
| **U.S. v. D. Anda Norbergs** | **Case No. 8:15-cr-183-T-30AEP** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                                        *s/ Adam M. Saltzman*
                                        ADAM M. SALTZMAN
                                        Assistant United States Attorney
                                        United States Attorney No. 148
                                        400 N. Tampa Street, Suite 3200
                                        Tampa, Florida 33602-4798
                                        Telephone:   (813) 274-6000
                                        Facsimile:    (813) 274-6358
                                        E-mail:   Adam.Saltzman@usdoj.gov