UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

D. ANDA NORBERGS

Case Number: 8:15-cr-183-T-30AEP
USM Number: 62499-018

George E. Tragos, Retained

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty to Counts One through Forty-Five of the Second Superseding Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 331(c), 21 U.S.C. § 333(a)(2) and 18 U.S.C. § 2 | Receipt and Delivery of Misbranded Drugs (Class E Felony) | Dates Vary | 1-17 |
| 18 U.S.C. §§ 545 and 2 | Smuggling Goods into the United States (Class C Felony) | Dates Vary | 18-29 |
| 18 U.S.C. §§ 1347 and 2 | Health Care Fraud (Class C Felony) | Dates Vary | 30-40 |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud (Class C Felony) | Dates Vary | 41-45 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

August 4, 2017

JAMES S. MOODY, JR.
SENIOR UNITED STATES DISTRICT JUDGE

August __4__, 2017

D. Anda Norbergs
8:15-cr-183-T-30AEP

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of SEVENTY (70) MONTHS. This term consists of terms of THIRTY-SIX (36) MONTHS on each of Counts 1-17, terms of SEVENTY (70) MONTHS on each of Counts 30-40, and SEVENTY (70) MONTHS on each of Counts 18-29 and 41-45, all such terms to run concurrently.

The underlying indictment(s) are dismissed as to this defendant.

It is further ordered that the defendant may voluntarily surrender at the institution designated by the Bureau of Prisons. The defendant is ordered to immediately proceed to the Office of the United States Marshal for processing and further instructions.

The Court recommends that Defendant be placed at FCI Coleman, or in the alternative, FPC Pensacola.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case

D. Anda Norbergs
8:15-cr-183-T-30AEP

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of THREE (3) YEARS. This term consists of a ONE (1) YEAR term as to each of Counts 1-17, and a THREE (3) YEAR term as to each of Counts 18-45, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. The mandatory drug testing provisions of the Violent Crime Control Act are waived. The Court authorizes random drug testing not to exceed 104 tests per year.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

D. Anda Norbergs
8:15-cr-183-T-30AEP

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO 245B (Rev. 11/16) Judgment in a Criminal Case

D. Anda Norbergs
8:15-cr-183-T-30AEP

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

2. You shall provide the probation officer access to any requested financial information.

3. You shall refrain from engaging in any employment as a physician.

4. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $4,500.00 | N/A | Waived | $848,671.19 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss** | Restitution Ordered |
|---|---|---|
| Medicare<br>CMS/Division of Premium Billing & Collections<br>P.O. Box 7520<br>Baltimore, MD 21207-0520 | $848,371.19 | $848,371.19 |
| C.K.<br>Clerk of U.S. District Court<br>c/o Debt Collection<br>401 West Central Blvd.<br>Orlando, FL 32801<br>(For distribution to victims) | $300.00 | $300.00 |

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

## SCHEDULE OF PAYMENTS

While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant shall make monthly payments of no less than $500.00 and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in his ability to pay.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest**, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

**The Court finds that the defendant does not have the ability to pay interest, and the Court waives the interest requirement for the restitution.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Amended Forfeiture Money Judgment, attached hereto, that are subject to forfeiture.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:15-cr-183-T-30AEP

D. ANDA NORBERGS

### AMENDED FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the United States of America's motion for a forfeiture money judgment against the defendant in the amount of $848,671.19.

Being fully advised of the relevant facts, the Court hereby finds that the defendant obtained at least $848,671.19 in proceeds from the (1) receipt and delivery of misbranded drugs in interstate commerce, (2) smuggling of goods into the United States, (3) health care fraud scheme, and (4) mail fraud scheme affecting a health care benefit program, for which she was found guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and (a)(7), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the

defendant shall be held liable for a forfeiture money judgment in the amount of $848,671.19.

It is FURTHER ORDERED that this order shall become a final order of forfeiture as to the defendant at sentencing.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this ____4____ day of ____Aug.____, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Suzanne C. Nebesky, AUSA
Counsel of Record

2