[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13581

_____

D.C. Docket No. 8:15-cr-00183-JSM-AEP-1

UNITED STATES OF AMERICA,

                                                 Plaintiff-Appellee,

versus

D. ANDA NORBERGS,

                                                 Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 29, 2018)

Before MARCUS, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

We have had the benefit of oral argument in this case, and have carefully reviewed the briefs, the relevant parts of the record, and the relevant case law. Only one issue raised by Appellant warrants discussion.

The Appellant argues that the district court erred in granting the Government's motion to amend the second superseding indictment. On the first day of trial, the Government moved to amend the indictment in the following manner. Paragraph forty-one of the indictment referred to and set forth a chart. The chart listed eleven counts—counts thirty through forty. The chart had four columns entitled "Count," "Claim Date," "Patient," and "Drug & Service Provided." The Government's motion requested a change in the second column's title, changing "Claim Date" to "Treatment Date." The district court granted the motion.

The law applicable to a direct amendment to the indictment, as here, is as follows. The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury[.]" U.S. Const. amend. V. The Supreme Court has interpreted this to mean that "after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." Stirone v. United States, 361 U.S. 212, 215–16, 80 S. Ct. 270, 272 (1960). This general prohibition against amendment applies "unless the change is merely a matter of form." Russell v. United States, 369 U.S. 749, 770, 82 S. Ct. 1038, 1050 (1962) (citations omitted). On this topic, we have stated:

> An indictment must definitely inform the accused of the charges against him "so that he may be able to present his defense and [will not] be taken by surprise by evidence offered at the trial . . . ." It must also

"be sufficiently definite that [the accused] shall not be again subjected to another prosecution for the same offense." An indictment ordinarily may be amended "provided that the amendment does not violate the above requirements, and provided that any evidence defendant had before the amendment would be equally available to him after the amendment." Accordingly, amendments that are merely a matter of form are freely permitted. Matters of form include amendments to "correct a misnomer."

United States v. Johnson, 741 F.2d 1338, 1340–41 (11th Cir. 1984) (footnote omitted) (quoting Williams v. United States, 179 F.2d 656, 659 (5th Cir. 1950), aff'd, 341 U.S. 97, 71 S. Ct. 576 (1951)) (citing Russell, 369 U.S. at 770, 82 S. Ct. at 1050); see also Williams, 179 F.2d at 659 ("If a defendant is in no sense misled, put to added burdens, or otherwise prejudiced, by an amendment, such an amendment ought to be considered and treated as an amendment of form and not of substance, and, therefore, allowable, even though unauthorized by the grand jury.").[1]

We conclude that the amendment which Appellant challenges was a mere matter of form. The indictment is arguably ambiguous as to which date the government intended to list. The relevant provision of paragraph forty-one provides that "[o]n or about the dates listed below in each count," the fraudulent scheme was executed "by submitting claims to the Medicare program for treatment of the patients listed below, that falsely and fraudulently represented the listed covered drugs had

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Id. at 1209.

<u>been administered on the associated dates of service</u> when, in truth and in fact, unapproved and misbranded versions of said drugs had been administered." Doc. 57 ¶ 41 (emphasis added). The indictment could be read to include the "listed below" claim submission dates, or to include the "associated dates of services." Thus, the amendment clarified an apparent ambiguity and was merely a "matter of form." <u>Johnson</u>, 741 F.2d at 1341.

Moreover, with respect to each count, paragraph forty-one of the indictment clearly designates the dates listed in the chart as referring to claims "[o]n or about the dates listed below." Doc. 57 ¶ 41. Thus, even if the Appellant had thought that the pre-amendment indictment had referred to the dates the claims were submitted, the appellant could not possibly have been misled. The relevant claims for reimbursement were all filed within a few days of the treatment date. Therefore, the indictment's "[o]n or about the dates listed below" required Appellant to search on or about the relevant date listed for each claim, and there is no possibility that Appellant's canvas of the record could miss the eleven relevant claims. There is no chance in this case that the indictment did not "inform the accused of the charges against him" and sufficiently define the crime such that he "shall not be again subjected to another prosecution for the same offense." <u>Johnson</u>, 741 F.3d at 1340–41 (citation omitted).

4

The foregoing demonstrates that the amendment caused no prejudice to Appellant, but this is further confirmed by the events at trial. Appellant did not ask for a continuance. And, in her opening statement, Appellant conceded that the drugs at issue were unapproved. Appellant further conceded that the only issue in the case was Appellant's knowledge that the drugs were unapproved.

We turn to the other issues raised on appeal. Appellant argues that the district court erred in allowing two government expert witnesses—Dr. Mayleben and Mr. Quindoza—to testify about civil rules and regulations, and erred with respect to the instructions to the jury in that regard. We conclude there was no error, and that the district court adequately instructed the jury with respect to the relevance of the evidence—i.e., it was relevant to Appellant's knowledge.

The Appellant points to several categories of evidence with respect to which she argues that the district court erred in a "series of evidentiary rulings." For the reasons fully discussed at oral argument, the Rule 404(b) issues were probably waived by Appellant's concession at the charge conference. In any event, all of Appellant's challenges to the district court's evidentiary rulings are wholly without merit and warrant no further discussion.

For the foregoing reasons, and for the reasons discussed at oral argument, the judgment of the district court is

5

AFFIRMED.[2]

---

[2] Any other issues that Appellant may have intended to raise are waived by failure to fairly raise them in initial briefing and/or are without merit and warrant no discussion.

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

| | |
|---|---|
| David J. Smith<br>Clerk of Court | For rules and forms visit<br>www.ca11.uscourts.gov |

November 29, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-13581-JJ
Case Style: USA v. D. Norbergs
District Court Docket No: 8:15-cr-00183-JSM-AEP-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tiffany A. Tucker, JJ at (404)335-6193.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion